FILED

2021 Oct-19  PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# **<u>EXHIBIT A</u>**

ELECTRONICALLY FILED
9/13/2021 9:28 AM
01-CV-2021-902624.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01 |
|---|---|---|

Date of Filing:
09/13/2021

Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LAQUITA BROWN v. ALLY FINANCIAL, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SEA030

9/13/2021 9:28:56 AM
Date

/s/ WALLACE WHITNEY SEALS
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
9/13/2021 9:28 AM
01-CV-2021-902624.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| LAQUITA BROWN;           ) | |
|                        ) | |
|      PLAINTIFF,        ) | |
|                        ) | |
| v.                     ) | **CIVIL ACTION NUMBER:** |
|                        ) | <u>**JURY TRIAL DEMANDED**</u> |

**ALLY FINANCIAL, INC.,**
**KDVH ENTERPRISES, LLC**
**d/b/a BENTON NISSAN OF**
**HOOVER; ALABAMA AUTO**
**RECOVERY; NORTHSTAR**
**LOCATION SERVICES, LLC,**

There may be other entities whose true names and identities are unknown to the Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment when their true names and identities are accurately ascertained by further discovery.  Until that time, the Plaintiffs will designate these parties in accordance with A.R.C.P. 9(h).  The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership any and all types of corporations and unincorporated associations.  The symbol by which these parties defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity". In the present action, the party defendants which the plaintiff must include by descriptive characterization are as follows:

DEFENDANT 1, 2 & 3, being the correct designation of the corporation, partnership or other legal entity otherwise known and doing business as Ally Financial, Inc.; DEFENDANT 4, 5 & 6, being the correct designation of the corporation, partnership

or other legal entity otherwise known and doing business as
KDVH Enterprises, LLC and/or Benton Nissan of Hoover;
DEFENDANT 7, 8 & 9, being the correct designation of the
corporation, partnership or other legal entity otherwise known
and doing business as Alabama Auto Recovery, Inc.;
DEFENDANT 10, 11 & 12, being the correct designation of the
corporation, partnership or other legal entity otherwise known
and doing business as Northstar Location Services, LLC;
DEFENDANT 13, 14 & 15, being the correct designation of the
successor in interest to any named Defendant; DEFENDANT 16,
17 & 18, being the correct designation of the person or entity
that assigned the repossession of the Plaintiff's Vehicle;
DEFENDANT 19, 20 & 21, being the correct designation of the
person or entity that attempted to repossess Plaintiff's Vehicle;
DEFENDANT 22, 23 & 24, being the correct designation of the
person or entity whose negligence or wantonness caused the
Plaintiff to be harmed.              )
                                     )
          **DEFENDANTS.**             )

---

## COMPLAINT

---

     **COMES NOW** the Plaintiff, **LAQUITA BROWN**, by and through

undersigned counsel, and for her complaint against the Defendants

states as follows:

### STATEMENT OF THE PARTIES[1]

---

[1] Plaintiff asserts that another entity, specifically a repossession forwarding
company, was also involved in the wrongful repossession of Plaintiff's car. At this
time, Plaintiff does not know the name of this entity. Plaintiff intends to amend
this Complaint to add this entity along with additional claims, specifically
additional claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

1.    Plaintiff, LAQUITA BROWN, is over the age of nineteen

(19) years old and is a resident of the city of Birmingham in

Jefferson County, Alabama.

2.    Defendant ALLY FINANCIAL, INC. (hereinafter "Ally") is a

foreign corporation formed under the laws of the State of

Delaware.  Ally is, and at all pertinent times herein, was

qualified to do business in the State of Alabama and was

doing business in Jefferson County, Alabama.

3.    Defendant KDVH ENTERPRISES, LLC d/b/a BENTON

NISSAN OF HOOVER (hereinafter "Benton Nissan") is a

domestic limited liability company that is and at all

pertinent times herein, was qualified to do business in the

State of Alabama and was doing business in Jefferson

County, Alabama.

4.    Defendant ALABAMA AUTO RECOVERY, INC.,

(hereinafter "AAR"), is a domestic corporation.  AAR is, and

at all pertinent times herein, was qualified to do business in

---

§1692 et seq. once the identity of the entity that forwarded or assigned the
repossession in this matter has been ascertained.

the State of Alabama and was doing business in Jefferson County, Alabama. AAR is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

5.   Defendant NORTHSTAR LOCATION SERVICES, LLC, ("hereinafter "Northstar") is a foreign limited liability company formed under the laws of the State of New York. Northstart is, and at all pertinent times herein, was qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama. Northstar is, upon information and belief, in the business collecting consumer debt and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.   On or about December 5, 2020, Plaintiff was interested in purchasing a 2020 Nissan Rogue from Benton Nissan.   The 2020 Nissan Rogue bore VIN  JN8AT2MT9LW034780.

7.   Plaintiff, through agents or employees of Benton Nissan, applied for financing for the 2020 Nissan Rogue with Defendant Ally.

8.   Plaintiff was permitted by Benton Nissan to take the 2020 Nissan Rogue with her while Ally was deciding whether or not to finance the purchase of the 2020 Nissan Rogue.

9.   A short while after December 5, 2020, Plaintiff discovered that another lender could offer her better financing terms. Plaintiff applied for and was approved to finance a 2021 Nissan Rogue from a different Nissan dealership.

10.   Plaintiff took the 2020 Nissan Rogue back to Benton Nissan on or about December 13, 2020 and informed employees or agents of Benton Nissan that she got a better deal and decided to purchase a 2021 Nissan Rogue from a different dealership.

11.   Plaintiff purchased a 2021 Nissan Rogue from a different Nissan dealership on December 15, 2020 and financed that purchase with a different lender.

12.   On or about December 25, 2020, Ally sent a letter to

Plaintiff informing Plaintiff that it could not finance the 2020 Nissan Rogue being sold by Benton Nissan under the terms of the finance application Plaintiff submitted but that it would finance the 2020 Nissan Rogue under "modified terms."

13. Plaintiff, having gotten a better deal on a newer car elsewhere, took no action upon receiving the December 25, 2020 letter from Ally.

14. Beginning in or around January 2021 and lasting for some months, Plaintiff began receiving phone calls from employees or agents of Ally. In these calls, Ally was attempting to collect allegedly past due payments on the 2020 Nissan Rogue from Benton Nissan.

15. Plaintiff explained on many occasions to employees or agents of Ally that she did not have any financing agreement with Ally, that Ally denied to finance her purchase of the 2020 Nissan Rogue from Benton Nissan, that she purchased and financed her vehicle with a different lender, and that she returned the 2020 Nissan Rogue to

Benton Nissan on or about December 13, 2020.

16.     Plaintiff learned that Ally put a debt of nearly $30,000.00 representing the cost of the 2020 Nissan Rogue on her credit reports.

17.     As a result of this credit reporting, Plaintiff was not able to purchase a home and was denied a Macy's credit card.

18.     In or around April 2021, Plaintiff was working at home when she was alerted that a repossession truck belonging to Defendant AAR.

19.     Plaintiff confronted AAR's employee or agent who drove the truck to her home.  She learned from him that he was sent to repossess the 2020 Nissan Rogue on behalf of Ally. Plaintiff then explained that her car was a 2021 Nissan Rogue, that she did not finance it through Ally and that AAR and Ally had no right to repossess her vehicle.

20.     After the AAR employee or agent confirmed that the vehicle in her drive way did not have a VIN that matched the vehicle he was sent to repossess, he left Plaintiff's property.

21.     Inexplicably, on or about May 5, 2021 at approximately 2:20

p.m., AAR attempted to repossess Plaintiff's 2021 Nissan Rogue again. This time, the same AAR employee as before was present along with a person he identified as his supervisor. Plaintiff, again, explained that her car was a 2021 Nissan Rogue, that she did not finance it through Ally and that AAR and Ally had no right to repossess her vehicle. Again the AAR agents or employees confirmed that the 2021 Nissan Rogue belonging to Plaintiff was not the vehicle in the repossession order and left Plaintiff's property.

22. AAR regularly collects or attempts to repossess or collect debts/security interests owed or due or asserted to be owed or due to another.

23. As such, AAR and their employees or agents are debt collectors subject to the provisions of the FDCPA.

24. Defendants Ally and AAR had no present right to take the 2021 Nissan Rogue from the Plaintiff and the Plaintiff's 2021 Nissan Rogue was not pledged as collateral for any loan financed by Ally.

25. On May 12, 2021, Ally allegedly repossessed the 2020

Nissan Rogue that it declined to finance with Plaintiff.

26. On May 13, 2021, Ally sent Plaintiff a letter with the title: "NOTICE OF OUR PLAN TO SELL PROPERTY." In it Ally referenced the 2020 Nissan Rogue with VIN JN8AT2MT9LW034780 that it declined to finance.

27. On or about June 4, 2021, Ally sold the 2020 Nissan Rogue with VIN JN8AT2MT9LW034780.

28. On or about June 15, 2021, Ally wrote to Plaintiff and claimed that Plaintiff owed a deficiency balance after the sale of the 2020 Nissan Rogue in the amount of $2,431.80.

29. Ally declined to enter into a financing agreement with Plaintiff. As such, Plaintiff owes Ally nothing.

30. On July 2, 2021 and again on July 8, 2021 Defendant Northstar sent collection letters to the Plaintiff in an attempt to collect deficiency balance after the sale of the 2020 Nissan Rogue in the amount of $2,431.80 on behalf of Ally.

31. Northstar regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another. As

such, Northstar is a debt collector subject to the provisions of the FDCPA.

## COUNT ONE
### (NEGLIGENCE)

32. Defendant Benton Nissan either sold the 2020 Nissan Rogue to someone else when it knew or should have known that Ally believed falsely that Plaintiff purchased the 2020 Nissan Rogue or allowed the 2020 Nissan Rogue to be repossessed when it knew that Plaintiff did not purchase or finance the 2020 Nissan Rogue.

33. Defendants Ally and AAR were under a duty to not repossess a vehicle that they had no present right to repossess and to conduct any repossession without breaching the peace.

34. Ally was under a duty to not subject Plaintiff to intrusive and wrongful collection efforts when it knew or should have known that it declined to finance the 2020 Nissan Rogue and that Plaintiff was not in debt to Ally.

35. The Defendants breached their duties owed to the Plaintiff.

36. At all times pertinent, AAR was acting as the agent of and for the benefit of Defendant Ally. AAR's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between AAR and Ally. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Ally is liable to the Plaintiff directly pursuant to the doctrine of *respondeat superior*.

37. As a result of Defendants' negligence, Plaintiff was caused to suffer damages including but not limited to: embarrassment, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

38. Wherefore, Plaintiff seeks judgment in her favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

39.    Defendants Ally and AAR wantonly attempted to repossess
       the Plaintiff's 2021 Nissan Rogue in blatant disregard of the
       Plaintiff's rights when Defendants came to Plaintiff's
       property with the intent of taking the Plaintiff's vehicle
       when they had no immediate right of possession of the
       Plaintiff's vehicle.

40.    At all times pertinent, AAR was acting as the agent of and
       for the benefit of Defendant Ally.  AAR's  acts and omissions
       were undertaken in the line and scope of the principal/agent
       relationship that existed between AAR and Ally.   Further,
       repossessing a vehicle with non-judicial self-help constitutes
       a non-delegable duty.  For these reasons, Ally is liable to the
       Plaintiff directly  pursuant to the doctrine of *respondeat*
       *superior.*

41.    Ally acted wantonly and in disregard of the rights of the
       Plaintiff when it subjected the Plaintiff to intrusive and
       abusive debt collection efforts when it knew that it declined

to provide Plaintiff with financing and it knew that Plaintiff was not indebted to Ally.

42. As a result of Defendants' acts and omissions detailed herein, Plaintiff was caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

43. Wherefore, Plaintiff seeks judgment in her favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT THREE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT AAR

44. Defendant AAR is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

45. The foregoing acts and omissions of Defendant AAR and its employees and agents constitute violations of the FDCPA, 15 U.S.C. § 1692f(6), with respect to the Plaintiff.

46.   15 U.S.C. § 1692f(6) prohibits taking or threatening to take
      any non-judicial action to effect dispossession of property if
      there is no present right to possession of the property.

47.   Plaintiff asserts that at no time did AAR have any present
      right to possession of her 2021 Nissan Rogue. As such,
      AAR's attempted or threatened repossession attempts
      violated the FDCPA with respect to the Plaintiff.

48.   As a direct and proximate result of the wrongful conduct
      visited upon her by AAR in its repossession or collection
      efforts, Plaintiff was caused to suffer damages including but
      not limited to: inconvenience, physical injury, worry, stress,
      anxiety, embarrassment, physical pain, mental anguish and
      emotional distress.

49.   As a result of Defendant AAR's violations of the FDCPA,
      Plaintiff is entitled to actual damages in an amount to be
      determined by a struck jury pursuant to 15 U.S.C. §
      1692k(a)(1); statutory damages in an amount up to
      $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
      reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3), from Defendant AAR.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT NORTHSTAR

50.    Defendant Northstar is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

51.    The foregoing acts and omissions of Defendant Northstar and its employees and agents constitute violations of the FDCPA, 15 U.S.C. § 1692e and 1692f, with respect to the Plaintiff.

52.    As a result of Defendant Northstar's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Northstar.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable

Page 15 of 17

attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

Plaintiff further demands declaratory judgment that Defendant AAR and Northstar's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees from AAR and Northstar for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

<u>**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**</u>

*/s/ W. Whitney Seals*
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFFS' ADDRESS:**
LaQuita Brown
637 Annie Laura Drive
Birmingham, AL 35215

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**Ally Financial, Inc.**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**Alabama Auto Recovery, Inc.**
c/o Registered Agent
Nikki Keeton
414 5th Avenue NW
Carbon Hill, AL 35549

**KDVH Enterprises, LLC**
c/o Registered Agent
Kenneth D. Benton
1834 Highway 78 E
Oxford, AL 36203

**Northstar Location Services, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
9/13/2021 9:28 AM
01-CV-2021-902624.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| LAQUITA BROWN; | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ALLY FINANCIAL, INC., | ) | |
| KDVH ENTERPRISES, LLC | ) | |
| d/b/a BENTON NISSAN OF | ) | |
| HOOVER; ALABAMA AUTO | ) | |
| RECOVERY; NORTHSTAR | ) | |
| LOCATION SERVICES, LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

---

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT ALLY FINANCIAL, INC.

---

**COMES NOW** the Plaintiff and requests the Defendant, Ally Financial,

Inc., ("Ally") answer the following discovery requests:

### INSTRUCTIONS AND DEFINITIONS

A.    The term "you" or "your" or "Defendant" means Ally, its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B.    Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information

which is known by each of them.  An incomplete or evasive answer is a failure to answer.

C.  If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D.  Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information, which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E.  As used herein, "Document" and "documents" have the definition given in the Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS,

prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

F.    A request to identify a document is a request to state as applicable:

1.    The date of the document;
2.    The type of document;
3.    The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
4.    The name of the employer or principal whom the signers, addressers and preparers were representing;
5.    The present location of the document;
6.    The name and current business and home addresses of the present custodians of the original document, and any copies of it;
7.    A summary of the contents of the document; and,
8.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G.    If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is specifically marked to refer to the Interrogatory to which it responds.

I.    The "Vehicle" as used herein shall mean the 2020 Nissan Rogue which has VIN JN8AT2MT9LW034780 which was involved in the incident made the basis of this lawsuit.

## INTERROGATORIES

1.    Please state the name, address, and job title of the person or persons responding to these interrogatories.

**RESPONSE:**

2.    Please identify each and every company that this Defendant retained or otherwise contracted with to repossess the Vehicle. This includes

any forwarding companies that Ally assigned, hired or authorized to repossess the Vehicle.  Please also state the date that each company was retained.

**RESPONSE:**

3.     Please state when Ally issued the repossession order for the Vehicle.

**RESPONSE:**

4.     Please state, in detail, why Ally issued the repossession order for the Vehicle.

**RESPONSE:**

5.     Did Ally notify Plaintiff that it declined to enter into an agreement to finance the purchase of the Vehicle on or about December 25, 2020? If the answer to this interrogatory is in the negative, explain in detail why Ally sent Plaintiff the December 25, 2020 letter referencing Application number 1099696313.

**RESPONSE:**

6.     Please identify the name of the company that assigned the repossession of the Vehicle to Alabama Auto Recovery?

**RESPONSE:**

7.     If Ally contends that it had the right to repossess the Vehicle please explain the basis of that right to repossess and identify any document(s) that purport or purports to confer the right to repossess the Vehicle on Ally.

**RESPONSE:**

8.     When did Ally learn that the Vehicle was repossessed?  In answering, please state the date Ally learned the vehicle was repossessed and identify who or what company notified Ally that the vehicle was repossessed.

**RESPONSE:**

9.   Please state in detail what, if anything, Ally did to confirm that it had a security interest in the vehicle and had the right to repossess the vehicle.

**RESPONSE:**

10.  Does Ally contend that it had a security interest in the Vehicle at the time of repossession on May 12, 2021. If so, please state the nature of said security interest and identify any document or documents that indicate or establish that Ally had a security interest in the Vehicle.

**RESPONSE:**

11.  Is there any indemnification agreement between Ally and any other Defendant or any third-party for the claims made by the Plaintiff in this lawsuit? If so, identify any Defendant or third-party that is obligated to indemnify Ally or that Ally is obligated to indemnify in this matter.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

1.   Please produce a copy of any repossession order or other document assigning the repossession of the Vehicle to any other business or other entity.

**RESPONSE:**

2.   Please produce a copy of any and all documents that Ally relied upon in issuing a repossession order for the Vehicle.  Specifically Plaintiff requests any contracts or financing agreements that establish any security interest in the Vehicle.

**RESPONSE:**

3.   Please produce a copy of any document sent to Ally by Alabama Auto
     Recovery or any other company regarding any repossession attempt
     or repossession or that specifically references the Vehicle.

**RESPONSE:**

4.   Please produce a copy of any insurance policy that may provide
     coverage for the claims made in the Complaint.

**RESPONSE:**

5.   Please produce a copy of any agreements or contracts between Ally
     and any third-party that was assigned the repossession of the Vehicle
     or that forwarded the repossession order to Alabama Auto Recovery
     which explain how the forwarding company and/or Alabama Auto
     Recovery was to be compensated for repossessions, whether there is
     an indemnity agreement in place, the terms of any indemnity
     agreement and the terms required by Ally or otherwise imposed by
     Ally regarding repossessing vehicles or assigning vehicles to third
     party repossession agents.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

1.   Admit or deny that Plaintiff did not finance any part of the purchase
     of the Vehicle with Ally.

**RESPONSE:**

2.   Admit that Ally did not have a present right to possession of the
     Vehicle in April or May 2021.

**RESPONSE:**

3.   Admit that Ally ordered that the Vehicle be repossessed.

**RESPONSE:**

4.   Admit that Ally declined to agree to provide Plaintiff with financing for the Vehicle under the terms proposed to Ally in December 2020.

**RESPONSE:**

5.   Admit that Ally did not have a valid security interest in the Vehicle on May 5, 2021.

**RESPONSE:**

6.   Admit that Ally hired or retained AAR to repossess the Vehicle.

**RESPONSE:**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS AND COMPLAINT

ELECTRONICALLY FILED
9/13/2021 9:28 AM
01-CV-2021-902624.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| LAQUITA BROWN; | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   **CIVIL ACTION NUMBER:** |
| | )   <u>**JURY TRIAL DEMANDED**</u> |
| | ) |
| ALLY FINANCIAL, INC., | ) |
| KDVH ENTERPRISES, LLC | ) |
| d/b/a BENTON NISSAN OF | ) |
| HOOVER; ALABAMA AUTO | ) |
| RECOVERY; NORTHSTAR | ) |
| LOCATION SERVICES, LLC, | ) |
| | ) |
|     DEFENDANTS. | ) |

---

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT KDVH ENTERPRISES, LLC

---

       **COMES NOW** the Plaintiff and requests the Defendant, KDVH

Enterprises, LLC, ("KDVH") answer the following discovery requests:

### INSTRUCTIONS AND DEFINITIONS

A.    The term "you" or "your" or "Defendant" means KDVH, its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B.    Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is

known by each of them.  An incomplete or evasive answer is
a failure to answer.

C.   If any answer is qualified, state specifically the terms of
each qualification and the reasons for it.  If an Interrogatory
cannot be answered in full, state the part which can be
answered and answer the same in full to the extent possible;
state further and specifically the reason(s) why the
remainder cannot be answered.

D.   Unless otherwise specified in a particular paragraph,
provide the information and documents requested for the
period of one year prior to the date of filing the complaint to
the present. Each Interrogatory is considered continuing,
and if Defendant obtains information, which renders its
answers or one of them, incomplete or inaccurate, Defendant
is obligated to serve amended answers on the undersigned.

E.   As used herein, "Document" and "documents" have the
definition given in the Rules of Civil Procedure, and include:
"writings," "recordings," "original," "duplicate," and
"photographs" as used in ARTICLE X. CONTENTS OF
WRITINGS, RECORDINGS, AND PHOTOGRAPHS,
Federal Rules of Evidence, §§ 1001, et seq.; including, but
not limited to: all originals and all copies not identical to the
original or to each other; all drafts; two writings of any kind;
tapes, computer discs, CD Rom, CD-R, CD-RW, DVD,
microfilm, microfiche, raster bitmaps, magneto optical (MO)
disks, electronic images and associated indexing data, Write
Once Read Many (WORM) laser disks; or any other form of
photographically or electronically, digitally, magnetically
impulsed, or otherwise recorded or represented information,
image or document storage, including, but not limited to
word processor document resource information or meta-
information (e.g. MS Word, WordPerfect "properties" tabs)
drafts and redlined versions of documents, compound
documents (e.g. documents where the image is one file and
the text is in another); e-mail and voice-mail archives; e-

mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

F.  A request to identify a document is a request to state as applicable:

    1.    The date of the document;
    2.    The type of document;
    3.    The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
    4.    The name of the employer or principal whom the signers, addressers and preparers were representing;
    5.    The present location of the document;
    6.    The name and current business and home addresses of the present custodians of the original document, and any copies of it;
    7.    A summary of the contents of the document; and,
    8.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G.  If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is specifically marked to refer to the Interrogatory to which it responds.

I.  The "Vehicle" as used herein shall mean the 2020 Nissan Rogue which has VIN JN8AT2MT9LW034780 which was

involved in the incident made the basis of this lawsuit.

## **INTERROGATORIES**

1.    Please state the name, address, and job title of the person or persons responding to these interrogatories.

**RESPONSE:**

2.    Please identify the employee or employees that participated in the attempted sale of the Vehicle to the Plaintiff in December 2020.

**RESPONSE:**

3.    Did Ally notify you that it declined Plaintiff's application to finance the purchase of the Vehicle? If so, state the date you were so notified.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

1.    Please produce a copy of any document, email, text message or paperwork that in anyway references the Plaintiff or the Vehicle.

**RESPONSE:**

2.    Please produce a copy of any and all documents that you sent or provided to Ally that reference the Plaintiff.

**RESPONSE:**

3.    Please produce a copy of any insurance policy, including declaration pages, that may provide coverage for the claims made in the Complaint.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

1.    Admit or deny that Plaintiff did not finance any part of the purchase of the Vehicle with Ally.

**RESPONSE:**

2.    Admit that Plaintiff did not purchase the Vehicle from you.

**RESPONSE:**

3.    Admit that Plaintiff returned the Vehicle to you on December 13, 2020.

**RESPONSE:**

4.    Admit that Ally declined to agree to provide Plaintiff with financing for the Vehicle under the terms proposed to Ally in December 2020.

**RESPONSE:**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS & COMPLAINT

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-902624.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LAQUITA BROWN V. ALLY FINANCIAL, INC. ET AL

**NOTICE TO:** ALLY FINANCIAL, INC., C T CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LAQUITA BROWN
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 09/13/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ WALLACE WHITNEY SEALS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*       *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____
*(Type of Process Server)*    *(Server's Signature)*       *(Address of Server)*

_____          _____
*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-902624.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LAQUITA BROWN V. ALLY FINANCIAL, INC. ET AL

**NOTICE TO:** ALABAMA AUTO RECOVERY, INC., REG AGT NIKKI KEETON 414 5TH AVENUE NW, CARBON HILL, AL 35549

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS                                                                            ,

[Name(s) of Attorney(s)]

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202                                      .

[Address(es) of Plaintiff(s) or Attorney(s)]

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LAQUITA BROWN
pursuant to the Alabama Rules of the Civil Procedure.                                        [Name(s)]

| 09/13/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.          /s/ WALLACE WHITNEY SEALS
(Plaintiff's/Attorney's Signature)

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                      .

(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

(Name of Person Served)          (Name of County)

Alabama on _____.

(Date)

_____   _____   _____

(Type of Process Server)   (Server's Signature)        (Address of Server)

_____       _____

(Server's Printed Name)        (Phone Number of Server)

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-902624.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**LAQUITA BROWN V. ALLY FINANCIAL, INC. ET AL**

**NOTICE TO:** KDVH ENTERPRISES, LLC, REG AGT KENNETH BROWN 1834 HWY 78 E, OXFORD, AL 36203

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS                                                                                               ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202                                        .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LAQUITA BROWN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 09/13/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ WALLACE WHITNEY SEALS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-902624.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## LAQUITA BROWN V. ALLY FINANCIAL, INC. ET AL

**NOTICE TO:** NORTHSTAR LOCATION SERVICES, LLC, C T CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LAQUITA BROWN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 09/13/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ WALLACE WHITNEY SEALS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KDVH ENTERPRISES, LLC

REG AGT KENNETH BROWN

1834 HWY 78 E

OXFORD, AL 36203

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6681 1060 1672 99

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

SIC   D3

CV-21- 902624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
  ... Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7021 0350 0000 2638 2504

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt





**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NORTHSTAR LOCATION SERVICES, LLC

C T CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

9590 9402 6681 1060 1673 05

2. Article Number (Transfer from service label)

7020 1810 0000 0881 8972

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

S /C        D4

CV-21-902624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PS Form 3811, July 2020 PSN 7530-02-000-9053

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALABAMA AUTO RECOVERY, INC.
REG AGT NIKKI KEETON
414 5TH AVENUE NW
CARBON HILL, AL 35549

9590 9402 6681 1060 1672 82

2. Article Number (Transfer from service label)

7021 0350 0000 2638 2474

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

S/C   D2

CV-21-902624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

7021 0350 0000 2638 2474

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLY FINANCIAL, INC.
C T CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

9590 9402 6553 1028 4927 20

2. Article Number (Transfer from service label)

7021 0350 0000 2638 2467

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/c

CV-21-902 624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7021 0350 0000 2638 2467

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALABAMA AUTO RECOVERY, INC.

REG AGT NIKKI KEETON

414 5TH AVENUE NW

CARBON HILL, AL 35549



9590 9402 6681 1060 1672 82

2. Article Number (Transfer from service label)

7021 0350 0000 2638 2474

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _S Keeton_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

A.m Candy Rob

C. Date of Delivery

9/4/21

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

S/C   P2

CV-21- 902624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING #

BIRMINGHAM AL 350

4 SEP 2021 PM 1 L

9590 9402 6681 1060 1672 82

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

SEP 16 2021

JACQUELINE ANDERSON SMITH
CLERK

**SENDER:** *COMPLETE THIS SECTION*

COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Jennifer Lockwood_  ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*  | C. Date of Delivery

SEP 1 6 2021

1. Article Addressed to:

NORTHSTAR LOCATION SERVICES, LLC

C T CORPORATION SYSTEM

2 N JACKSON ST, STE 605

MONTGOMERY, AL 36104

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

S/C    D4

CV-21-902624



9590 9402 6681 1060 1673 05

2. Article Number *(Transfer from service label)*

7020 1810 0000 0881 8972

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ....Mail
   Mail Restricted Delivery
   0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**

9590 9402 6681 1060 1673 05

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

SEP 20 2021

JACQUELINE ANDERSON SMITH
CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KDVH ENTERPRISES, LLC

REG AGT KENNETH BROWN

1834 HWY 78 E

OXFORD, AL 36203

9590 9402 6681 1060 1672 99


2. Article Number (Transfer from service label)

7021 0350 0000 2638 2504

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Kenneth Brown_ ☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Kenneth Brown                      9-20-21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C            D3

CV-21- 902624

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

USPS TRACKING#



9590 9402 6681 1060 1672 99

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

SEP 23 2021

JACQUELINE ANDERSON SMITH
CLERK

CIRCUIT CIVIL DIVISION OFFICE

◆Sender: Please print your name, address, and ZIP+4® in this box®

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203